## ELY & WALKER DRY GOODS CO. v. UNITED STATES.

Civ. A. No. 7908.

United States District Court
E. D. Missouri E. D.
May 20, 1952.

William C. Connett IV, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for plaintiff.

George L. Robertson, U. S. Atty., William J. Costello, Asst. U. S. Atty., St. Louis, Mo., Ellis N. Slack, Acting Asst. Atty. Gen., Andrew D. Sharpe and Fred J. Neuland, Sp. Assts. to Atty. Gen., for defendant.

MOORE, Chief Judge.

1. Plaintiff, Ely & Walker Dry Goods Company, a corporation, is, and at all times relevant, was a corporation organized and existing under the Laws of the State of Missouri with its principal offices and place of business at St. Louis, Missouri.

2. That the Collector of Internal Revenue at St. Louis in office at the time taxes herein referred to were paid was not in office at the time this suit was instituted. That the amount of refund claimed is less than $10,000.

3. That on November 28, 1949, plaintiff paid the then Collector of Internal Revenue at St. Louis, Missouri, the sum of $8,250 pursuant to notice and demand as and for documentary stamp tax assessed on two notes aggregating $7,500,000 issued by plaintiff on January 2, 1948.

4. On or about January 9, 1951, that plaintiff filed a claim for refund for said $8,250 by reason of the assessment of a stamp tax on the aforesaid notes. Thereafter, on or about April 9, 1951, the Com-

missioner of Internal Revenue denied plaintiff's refund in full. This suit was instituted on 26th day of April, 1951.

5. Plaintiff is a converter, manufacturer and distributor of dry goods and allied products. Plaintiff determined immediately after the war that it needed more money to finance the growth of its business, particularly it need working capital to finance increased inventories and a larger sales volume. Plaintiff applied to its banks for a loan and two of its banks, to-wit: The Chase National Bank of the City of New York and the First National Bank in St. Louis agreed to loan plaintiff $7,500,-000. Plaintiff had done business with both of these banks for a great number of years.

6. Plaintiff's Board of Directors on December 31, 1947, authorized its officers to make a loan of $7,500,000 from the two banks referred to above and authorized its officers to execute two promissory notes in its name to evidence such borrowing. On January 2, 1948, plaintiff through its President executed and delivered its two notes to Chase National Bank and the First National Bank in St. Louis for $6,500,000 and $1,000,000, respectively in return for the loan of $7,500,000. The two promissory notes herein involved are not generally known in the commercial banking world as a bond, debenture or a corporate security. Neither were they generally known in the investment banking business as a bond, debenture or a corporate security. The First National Bank in St. Louis treated the transaction as a loan and carried the same in its loan portfolio. Said bank had therefore reduced its line of credit to plaintiff to take into account plaintiff's loan in order to bring its lending within the statutory limits on loans to one customer. True copies of two promissory notes are attached to the complaint and stipulation and are incorporated herein by reference and made a part of these findings of fact.

7. The promissory notes herein involved were not in registered form and did not have interest coupons attached.

8. All facts admitted by the pleadings and all facts stipulated to, not herein spe-cifically found, are found to be facts and are incorporated herein by reference.

Conclusions of Law

1. The Court has jurisdiction of the parties and subject matter.

2. The instrument delivered by plaintiff to First National Bank in St. Louis for $1,000,000 and the instrument delivered by plaintiff to the Chase National Bank of New York for $6,500,000 dated January 2, 1948, were promissory notes.

3. Said instruments were not bonds, debentures or corporate securities as those terms are used in Section 1801 of the Internal Revenue Code, 26 U.S.C.A. § 1801; and are not subject to stamp tax under that section or any other section of the Internal Revenue Code.

4. The assessment and collection of $8,250 stamp tax on instruments above referred to were illegal and erroneous.

5. Plaintiff is entitled to a judgment against the defendant for $8,250 together with six per cent interest thereon from November 28, 1949 until paid in accordance with the relevant statute and costs as provided by law.